MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

JENNIFER GASPAR (CABN 266726)
Special Assistant United States Attorney
   1301 Clay Street, Suite 340S
   Oakland, CA 94612
   Telephone: (510) 637-3680
   Fax: (510) 637-3724
   E-Mail: jennifer.gaspar@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JUAN SALAZAR VELASCO, ) <br>    a/k/a "Juan Salazar," ) <br>    a/k/a "Juan Salazar-Beltran," ) <br>    a/k/a "Froilan Hernandez," ) <br>    a/k/a "Froilan Fernandez," ) <br>    a/k/a "Froilan Quinn Fernandez," ) <br> ) <br>    Defendant. ) <br> ) | No. CR11-00380 CW (LB) <br><br> [PROPOSED] ORDER DETAINING DEFENDANT PENDING TRIAL AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT |

## I. DETENTION ORDER

Defendant Juan Salazar Velasco is charged in a one-count indictment with being a Deported Alien Found in the United States, in violation of 8 U.S.C. §§ 1326(a) and (b). On June 17, 2011, the United States moved for the defendant's detention pursuant to 18 U.S.C. § 3142(f)(2)(A) (because there is a serious risk defendant will flee), and subsequently asked for a detention hearing pursuant to 18 U.S.C. § 3142(f). Following a hearing on June 22, 2011, under 18 U.S.C. § 3142(f), and considering the parties' proffer and the factors set forth in section

1  3142(g), the Court finds that no condition or combination of conditions in section 3142(c) will reasonably assure the defendant's appearance in this case. *See* 18 U.S.C. §§ 3142(e) and (f); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

Specifically, the Court notes the defendant's criminal history, as documented in the Pretrial Services report, his alleged immigration status, and the fact that the defendant is subject to an Immigration and Customs Enforcement detainer hold.  The Court, therefore, orders that the defendant be detained pending trial.

The defendant did not request a full bail study at this time, such as an interview by Pretrial Services, but reserved his right to present information at a future bail hearing should his circumstances change.  *See* 18 U.S.C. § 3142(f) (a defendant has the right at a section 3142(f) hearing to, with the assistance of counsel, testify, present witnesses, cross-examine adverse witnesses, and present information by proffer or otherwise).

## II.  SPEEDY TRIAL EXCLUSION

For the reasons stated in open court on June 22, 2011, the Court excluded time under the Speedy Trial Act from June 22, 2011, to June 29, 2011, to enable defense counsel to investigate the matter, including review of discovery.  The Court found that (A) failure to grant the continuance would unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and (B) the ends of justice served by the continuance outweigh the best interests of the public and the defendant in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A) & (B)(iv).

## III.  CONCLUSION

The Court detains the defendant as a serious flight risk and because no condition, or combination of conditions, could assure the defendant's appearance in this case, and orders that time be excluded under the Speedy Trial Act as set forth above.  Because the defendant waived his right to present information under 18 U.S.C. § 3142(f) without prejudice to his raising any relevant information at a later hearing, the Court orders that the hearing may be reopened at the defendant's request at a future time.

The Court orders that the defendant be committed to the custody of the Attorney General

or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. *See* 18 U.S.C. § 3142(i)(2). The defendant must be afforded a reasonable opportunity to consult privately with counsel. *See id.* § 3142(i)(3). On order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility must deliver the defendant to the United States Marshal for a court appearance. *See id.* § 3142(i)(4).

IT IS SO ORDERED.

DATED: June 27, 2011

LAUREL BEELER
United States Magistrate Judge